UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
HOUMA DIVISION

| | |
|---|---|
| CHARLIE HOWARD, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>STEMMANS & ALLEY PLLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:21-cv-1565<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

1. Plaintiff CHARLIE HOWARD ("Plaintiff") brings the instant class action claims against Defendant STEMMANS & ALLEY PLLC ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*. Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

## PARTIES

4. Plaintiff is an adult individual residing in Houma, Louisiana, and is a "consumer"

1

as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" and "debtor" as those terms are defined by Cal. Civ. § 1788.2(g)-(h), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5

5. Defendant is a professional limited liability company with its principal place of business located in Baton Rouge, LA.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.** **The Accounts**

6. At some point prior to May 2021, Plaintiff allegedly took out a loan with La Capitol Federal Credit Union and a Visa consumer credit line.  (hereinafter "The Accounts").  Plaintiff used this money to make routine household and consumer purchases.  As such, Plaintiff incurred "debts" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Accounts subsequently went into arrears.

8. Thereafter, Defendant obtained the Accounts from Plaintiff's above-referenced original creditor(s) and sent Plaintiff a written collection correspondence in an attempt to collect on The Accounts.

**B.** **The Unlawful Collection Letter**

9. On or about May 27, 2021, Defendant sent Plaintiff an initial collection letter.  A redacted copy of the Letter is annexed hereto and made a part of this Complaint as <u>Exhibit A</u>.  The subject line of the correspondence states "Re:  Loan No. 4657105 and Visa Account with La Capitol Federal Credit Union".

10. In pertinent part, Defendant's letter states as follows:

"	We have been retained by the La Capitol Federal Credit Union to collect your Loan No. 4657105 on which you are presently past due in the amount of $ 1,467.80, and your Visa Account on which you are presently past due in the amount of $ 84.00.

In the event suit is necessary, the suit will include interest, attorneys' fees, and all costs payable to the Clerk of the Court and the Sheriff.  **Suit can be avoided if you rectify your accounts within thirty days plus pay my charge of $ 25.00 for this letter.  Failure to comply with this request may result in suit being filed against you without further notice."**

Unless you despite the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by this office.  If you notify this office in writing within thirty (30) days after your receipt of this letter, that this debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by this office.   Further, upon your written request within thirty (30) days after your receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please take this last opportunity to resolve this situation amicably.

C.	**The Letter Misleads Plaintiff and Similar Consumers and is Deceptive**

11.	Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

12.	In stating that Plaintiff "**Suit can be avoided if you rectify your accounts with La Capital Federal Credit Union within thirty days**" (pay the past due balances of $1,467.80 and $ 84.00)  **plus pay my charge of $ 25.00 for this letter.  Failure to comply with this request may result in suit being filed against you without further notice**" Defendant falsely and deceptively advises a consumer that he or she must make the choice between "rectifying her

3

accounts" plus pay $ 25.00 within 30 days of May 27, 2021 – or by June 26, 2021 - to avoid legal action or to exercise his or her §1692(g) rights to seek validation of the alleged debt if he or she believes the debt is not owed. The demand for payment within 30 days of the date of the letter – or June 26, 2021 - is actually a demand in less than 30 days by the time a consumer receives it in the mail. This bolded demand for payment in less than 30 days and for attorneys' fees in order to avoid legal action overshadows and contradicts the 30 day dispute notice as no such requirement is mandated upon consumers per §1692(g). Defendant demands payment in less than thirty days, when Plaintiff has thirty days from receipt of Defendant's letter to dispute the debt and request validation.

13. The language of Defendant's letter would lead Plaintiff as well would lead the least sophisticated consumer to believe that the most prudent choice is to rectify the accounts in less than 30 days as demanded, whether or not said consumer disputed the debt or wished to request validation in the 30 days after receipt of the letter. After all, from the least sophisticated consumer's standpoint, to forego making the demanded payment by the payment deadline and instead dispute the debt would guarantee that Plaintiff's account would remain in collections and that legal action will result.

14. Defendant's letter also suggests to the least sophisticated consumer that disputing the debt and requesting validation is a futile and expensive enterprise because Defendant's letter advises Plaintiff that he is responsible for Defendant's attorneys' fees, whether Plaintiff owes the debt or not. Indeed, Defendant's letter emphasizes that **suit can be avoided if you rectify your accounts within thirty days plus pay my charge of $ 25.00 for this letter. Failure to comply with this request may result in suit being filed against you without further notice.,** if Plaintiff does not pay the demanded amounts within a deadline of less than 30 days. Yet, legally Plaintiff has a longer period - within thirty days of receipt of Defendant's letter – to dispute the debt and request validation. Assuming a class member like Plaintiff received this letter on May 30, the class member would have 27 days to make payment and rectify his accounts and avoid possible further legal action, or, by June 26, 2021. Yet, the same class member would have had until June 29, 2021 to request validation. By the express terms of the letter, the time Plaintiff has to legally

4

request validation is unlawfully abridged and overshadowed by Defendant's payment deadline prior to the expiration of the validation period.

14. Further, what Defendant fails to advise Plaintiff and other consumers in this correspondence is that once Plaintiff's payments are made to the creditor by any date up to the deadline of June 26, Defendant does not have an obligation to respond to a consumer's dispute and/or request for validation as Defendant is no longer collecting on the alleged debt – thus, the prohibitive bar on collecting the debt when failing to respond to a consumer's request for validation is of no consequence to Defendant as Defendant will no longer be collecting the debt. This is a fact that Defendant is unquestionably aware of when drafting and sending out these form correspondences.

15. Using the foregoing example, if a consumer receives this letter on May 30, and makes the payments by the demanded June 26th deadline, Defendant no longer has any obligation to respond to any subsequent request for validation by a consumer once that payment is made, even if timely requested within the validation period. If a consumer pays the debt by the June 26th deadline, but disputes on June 27, 28 or 29, Defendant can ignore these later requests by the consumer for validation (by virtue of the debt already having been paid). If upon receipt of Defendant's letter a consumer pays the debt at any time prior to June 26 and *then* sends out a subsequent timely request for validation on any date thereafter within the thirty-day validation period following receipt of the letter (up until June 29th), Defendant *still* has no obligation to respond to any of Plaintiff's requests for validation by virtue of Plaintiff's payment of the debt within the validation period.

16. For these reasons, Defendant's letter purposefully overshadows the debt validation notice and demands payment within a period less than the thirty-day validation period. The emphasis on immediate, specific action (rectification of the accounts) in less than 30 days stands in contradiction to the FDCPA, which provides consumers a thirty-day period to decide to request validation upon receipt of the letter. The least sophisticated consumer who received Defendant's form could easily be confused between the commands to rectify the accounts plus pay $ 25.00 in attorneys' fees to Defendant by June 26, 2021, and the thirty-day period to decide to request

5

validation upon receipt of the letter which is set forth in (and mandated by) the statute. The manner of Defendant's presentation also plainly undercuts and overshadows the message of the validation notice. The bolded and emphasized demand for payment of the debt and for payment of attorneys' fees to avoid legal action all point to a deliberate policy on the part of the Defendant to evade the spirit of the notice of the statute, and mislead the least sophisticated consumer/alleged debtor into disregarding the notice.

17. A demand for payment within less than the thirty-day timeframe necessarily requires the debtor to [forgo] the statutory right to challenge the debt in writing within thirty days, or suffer the consequences. For this reason, requiring a payment that would eliminate the debt before the debtor can challenge the validity of that debt directly conflicts with the protections for debtors set forth in section 1692g.

18. The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

20. Plaintiff seeks to represent a class defined as:

> All consumers in the United States who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

**A.   Numerosity**

21. The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in the United States. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

22. Upon information and belief, Defendant sent or caused to be sent hundreds or even

6

thousands of similar deceptive Letters to consumers.

23. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

24. Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**B.  Common Questions of Law and Fact**

25. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

26. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

27. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

  a. Did Defendant violate 15 U.S.C. §1692g(b), 1692e, e(5) and 1692e(10) by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor (i.e., validation of debt)?

**C.  Typicality**

28. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

**D.  Protecting the Interests of the Class Members**

29. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

30. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31. Plaintiff has retained counsel experienced in bringing class actions and debt

collection abuse claims and who stands ready, willing and able to represent the class.

**E.    Proceeding Via Class Action is Superior and Advisable**

32.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

33.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34.    The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**F.    Plaintiff and the Putative Class Have Article III Standing**

38.    As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated United States consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a.    Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same timeframe;

b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same timeframe;

c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame.

## COUNT I

## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B)

39. Each and every allegation contained in paragraphs 1 through 34 of this Complaint is repeated, realleged and incorporated herein by reference.

40. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (b)  Disputed Debts

If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notifed the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

41.    The Letter overshadows the disclosure of the consumer's rights to dispute the debt and therefore violates 15 U.S.C. § 1692g(b).

42.    Further, the Letter is in violation of §§ 1692e, e(5) and 1692e(10) as Defendant's Letter constitutes false and deceptive communications made to Plaintiff and the putative class in connection with the collection of a debt.

43.    By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

                                                RESPECTFULLY SUBMITTED,

August 17, 2021                        By: /s/ Samuel J. Ford_____

                                        Samuel J. Ford, Esq.
                                        Hair Shunnarah Trial Attorneys, LLC
                                        3540 S. I-10 Service Rd. W, Suite 300
                                        Metairie, LA 70001
                                        E-mail: ford@hairshunnarah.com
                                        Attorney for Plaintiff

## PROOF OF SERVICE

On August 17, 2021, I served the following documents:

**PLAINTIFF'S CLASS ACTION COMPLAINT**
   On the parties listed below:

**Defendant**

Stemmans & Alley PLLC
2798 O'Neal Ln # 3,
Baton Rouge, LA 70816


By the following means of service:

- [X]  **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, which will provide electronic notice to all counsel of record.
- [ ]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.
- [X]  **FEDERAL:** I declare under penalty of perjury under the laws of Louisiana that the above is true and correct.

   Executed on August 17, 2021, in Metairie, Louisiana.

                              By: /s/ Samuel J. Ford
                                      Samuel J. Ford